UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Laura A. Suber,

    Plaintiff,

v.

Richard Wozniak, et al.,

    Defendants.

Case No. 2:23-cv-2989

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Andrew Ginther ("Ginther") and Ned Pettus ("Pettus" collectively, "Defendants") move to dismiss Laura A. Suber's ("Plaintiff") claims against them. ECF No. 10. For the following reasons, the motion is **DENIED**.

### I.    FACTS[1]

At the relevant times, Plaintiff was a sergeant with the Columbus Division of Police; Ginther was mayor of the City of Columbus. Comp. ¶¶ 2–3, 6, 20, ECF No. 1. From 2016 through August 2021, Pettus was the Director of Public Safety for the City of Columbus. *Id.* ¶ 8. Plaintiff alleges that, beginning in late July 2021, she was discriminated against on the basis of her sex and retaliated against for filing an internal complaint and for exercising her First Amendment rights. *See generally, id.* Based on these allegations, Plaintiff asserts claims against Ginther, Pettus, and several other defendants under Title VII of the Civil

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendants' motion. *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022).

Rights Act of 1964, 42 U.S.C. § 1983, and other state and federal laws. *Id.* ¶¶ 113–181.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (cleaned up). At the motion-to-dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Warner*, 27 F.4th 466 (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. ANALYSIS

Defendants move to dismiss Plaintiff's claims against them. ECF No. 10. The Court considers the motion as to each Defendant, in turn.

First, Defendants' motion as to Ginther fails. Although Defendants offer the conclusory statements like "Ginther must be dismissed," Mot. 3, ECF No. 10, Defendants' *arguments* address only why a Title VII claim against Ginther could not succeed. *Id.* at 3–4. Plaintiff does not assert any Title VII claims against Ginther. Compl. ¶¶ 113–181. Therefore, as to any Title VII claims against Ginther, Defendants' motion is **DENIED AS MOOT**. To the extent Defendants meant to argue that any other claims against Ginther should be dismissed, they did not meaningfully do so and the Court declines to review those claims. *See ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) (instructing that "it is improper for the courts to flesh out the parties' arguments for them" (cleaned up)).

Next, the Court turns to the claims against Pettus. Defendants argue these claims must be dismissed because Pettus was, according to Defendants, not involved in "any of the alleged actions" at-issue in this case. Mot. 4, ECF No. 10. This argument misses the mark.

First, to the extent Defendants argue that Pettus's employment with the City of Columbus does not overlap with the alleged misconduct, the Court disagrees. Plaintiff's alleged mistreatment began in late July 2021; the Complaint alleges that Pettus was Director of Public Safety for the City of

Columbus through the end of August 2021. *E.g.*, Comp. ¶¶ 8, 157, ECF No. 1. Thus, Pettus's employment overlapped with the alleged misconduct by about one month.

In addition, to the extent Defendants argue that, as a matter of *fact*, Pettus was not involved in the alleged misconduct, that argument is premature. At the Rule 12 stage, the Court must accept the Complaint's factual allegations as true. *Wamer*, 27 F.4th 466. Defendants may make their fact-based arguments at summary judgment.

### IV. CONCLUSION

For these reasons, Defendants' motion is **DENIED**. The Clerk shall terminate ECF No. 10.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**