**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| Laura Suber, | ) | **CASE NO. 2:23-CV-02989** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE MICHAEL H. WATSON** |
| | ) | |
| v. | ) | **MAGISTRATE JUDGE** |
| | ) | **CHELSEY M. VASCURA** |
| City of Columbus, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

<u>**DEFENDANTS MAYOR ANDREW GINTHER AND NED PETTUS'
ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Defendants Mayor Andrew Ginther ("Defendant Ginther") and Ned Pettus ("Defendant Pettus") (collectively referred to as "Defendants", unless such response requires specificity to an individual Defendant), by and through their undersigned counsel, hereby state as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      Defendants deny any violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and the Ohio Revised Code Chapter 4112. Further answering, Defendants deny all remaining allegations and Plaintiff's claim for damages in Paragraph 1 of the Complaint.

2.      Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit that Defendant Wozniak served as the Deputy Director of Public Safety, but denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant Ginther admits that he is the Mayor of the City of Columbus, but denies the remaining allegations in Paragraph 6 of the Complaint. Defendant Pettus denies for lack of

130758623v3

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint.

7.      Defendants admit that Robert Clark was the Safety Director for the City of Columbus until April 15, 2023, but deny for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 of the Complaint.

8.      Defendant Pettus admits that he served as the Director of Public Safety for the City of Columbus from August 1, 2016 through September 1, 2021, but denies the remaining allegations in Paragraph 8 of the Complaint. Defendant Ginther admits that Defendant Pettus served as Director of Public Safety for the City of Columbus, but denies for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 of the Complaint.

9.      Defendants admit that Defendant Douglas Sarff is the Director of Human Resources for the City of Columbus, but deny for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Complaint.

10.      Defendants admit that Courtney McHenry was the Deputy Director of Public Safety for the City of Columbus, Division of Police, but deny for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Complaint.

11.      Defendants admits that Defendant Elaine Bryant is the Chief of Police for the City of Columbus, but deny for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of the Complaint.

12.     Defendants admit that Defendant LaShanna Potts is the Assistant Chief of Police for the City of Columbus, but deny for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12 of the Complaint.

## VENUE AND JURISDICTION

13.     Defendants state that the allegations in Paragraph 13 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants do not contest this Court's subject matter jurisdiction.

14.     Defendants state that the allegations in Paragraph 14 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants do not contest this Court's subject matter jurisdiction.

15.     Defendants state that the allegations in Paragraph 15 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants do not contest venue.

## PROCEDURAL HISTORY AND REQUIREMENTS

16.     Defendants lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17.     Defendants lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

130758623v3

## STATEMENT OF FACTS

20.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny for lack of knowledge or information sufficient to form a belief about the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29.     Defendants admit that an emergency was declared, but deny the remaining allegations in Paragraph 29 of the Complaint.

30.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

4

31.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34.     Defendant Ginther admits the public was allowed to submit complaints for alleged police misconduct, but denies the remaining allegations in Paragraph 34 of the Complaint. Defendant Pettus denies for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint.

35.     Defendant Ginther admits that an independent investigator would be used to investigate alleged police misconduct and further admits that BakerHostetler did subsequently conduct an independent investigation, but denies the remaining allegations in Paragraph 35 of the Complaint. Defendant Pettus denies for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37.     Defendants admit the allegations in Paragraph 37 of the Complaint.

38.     Defendants admit that Defendant Wozniak conducted an investigation, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38 of the Complaint.

39.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint.

40. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint.

41. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint.

42. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants admit that a lawsuit was filed in Franklin County Municipal Court, but deny for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44 of the Complaint.

45. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint and its subparts.

47. Defendants admit that a news segment aired on July 26, 2021, but deny for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 of the Complaint.

48. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

49. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint.

50. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint.

130758623v3

51.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint.

55.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint.

63. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint.

64. Defendants state that the email speaks for itself and admits that Plaintiff received a Garrity notification, but deny the remaining allegations in Paragraph 64 of the Complaint.

65. Defendants admit that Plaintiff was interviewed by Defendant Wozniak, but deny for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65 of the Complaint and its subparts.

66. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint.

67. Defendants state that the email speaks for itself, but deny the remaining allegations in Paragraph 67 of the Complaint.

68. Defendants state that the email speaks for itself, but deny the remaining allegations in Paragraph 68 of the Complaint.

69. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint.

70. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint.

71. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint.

72. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint.

73. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint.

74. Defendants admit that a segment aired on television, but deny for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74 of the Complaint.

75. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint.

76. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint.

77. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint.

78. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint.

79. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint.

80. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 80 of the Complaint and its subparts.

81. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Complaint.

84. Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 of the Complaint.

87.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Complaint.

88.     Defendants admit that Lt. Larry Yates was a participant in the RIP, but deny the remaining allegations in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 of the Complaint.

93.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Complaint.

94.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Complaint.

95.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 of the Complaint.

96.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Complaint.

97.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Complaint.

99.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 99 of the Complaint.

100.    Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 of the Complaint.

105.    Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 of the Complaint.

106.    Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 of the Complaint.

107.    Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

130758623v3

109.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 of the Complaint

110.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 of the Complaint.

111.     Defendants deny the allegations in Paragraph 111 of the Complaint.

112.     Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 of the Complaint.

## STATEMENT OF CLAIMS

## COUNT 1 – HOSTILE WORK ENVIRONMENT (against the City of Columbus)

### Title VII, 42 U.S.C. § 2000e *et seq*; R.C. Chapter 4112, *et seq.*

113.     Defendants incorporate by reference their answers to all preceding paragraphs of this Answer.

114.     Defendants state that the allegations in Paragraph 114 state legal conclusions as to which no response is required.

115.     Defendants state that the allegations in Paragraph 115 state legal conclusions as to which no response is required.

116.     Defendants state that the allegations in Paragraph 116 state legal conclusions as to which no response is required.

117.     Defendants deny the allegations in Paragraph 117 of the Complaint.

118.     Defendants deny the allegations in Paragraph 118 of the Complaint.

119.     Defendants deny the allegations in Paragraph 119 of the Complaint.

120.     Defendants state that the allegations in Paragraph 120 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

121.     Defendants deny the allegations in Paragraph 121 of the Complaint.

122.     Defendants deny the allegations in Paragraph 122 of the Complaint.

123.     Defendants deny the allegations in Paragraph 123 of the Complaint.

124.     Defendants deny the allegations in Paragraph 124 of the Complaint.

125.     Defendants deny the allegations in Paragraph 125 of the Complaint.

126.     Defendants deny the allegations in Paragraph 126 of the Complaint.

127.     Defendants deny the allegations in Paragraph 127 of the Complaint.

### **COUNT II – GENDER DISCRIMINATION (against the City of Columbus)**

**Title VII, 42 U.S.C. § 2000e, et seq.; R.C. 4112, et seq.**

128.     Defendants incorporate by reference their answers to all preceding paragraphs of this Answer.

129.     Defendants state that the allegations in Paragraph 129 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

130.     Defendants state that the allegations in Paragraph 130 state legal conclusions as to which no response is required.

131.     Defendants state that the allegations in Paragraph 131 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

132.     Defendants deny the allegations in Paragraph 132 of the Complaint.

130758623v3

133.    Defendants deny the allegations in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations in Paragraph 137 of the Complaint.

138.    Defendants state that the allegations in Paragraph 138 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

139.    Defendants deny the allegations in Paragraph 139 of the Complaint.

140.    Defendants state that the allegations in Paragraph 140 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

141.    Defendants deny the allegations in Paragraph 141 of the Complaint.

### COUNT III – RETALIATION (against the City of Columbus)

#### Title VII, 42 U.S.C. § 2000e *et seq.*; R.C. 4112, *et seq.*

142.    Defendants incorporate by reference their answers to all preceding paragraphs of this Answer.

143.    Defendants state that the allegations in Paragraph 143 state legal conclusions as to which no response is required.

144.    Defendants state that the allegations in Paragraph 144 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

14

145.    Defendants state that the allegations in Paragraph 145 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

146.    Defendants deny the allegations in Paragraph 146 of the Complaint.

147.    Defendants state that the allegations in Paragraph 147 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

148.    Defendants deny the allegations in Paragraph 148 of the Complaint.

149.    Defendants state that the allegations in Paragraph 149 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

150.    Defendants deny the allegations in Paragraph 150 of the Complaint.

## **COUNT IV – DEPRIVATION OF RIGHTS (against all Defendants)**

### Title 42 U.S.C. § 1983 *et seq.*

151.    Defendants incorporate by reference their answers to all preceding paragraphs of this Answer.

152.    Defendants state that the allegations in Paragraph 152 state legal conclusions as to which no response is required.

153.    Defendants state that the allegations in Paragraph 153 state legal conclusions as to which no response is required.

154.    Defendants state that the allegations in Paragraph 154 state legal conclusions as to which no response is required.

155.    Defendants deny the allegations in Paragraph 155 of the Complaint.

156.     Defendants deny the allegations in Paragraph 156 of the Complaint.

157.     Defendants deny the allegations in Paragraph 157 of the Complaint.

158.     Defendants deny the allegations in Paragraph 158 of the Complaint.

159.     Defendants deny the allegations in Paragraph 159 of the Complaint.

160.     Defendants state that the allegations in Paragraph 160 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

161.     Defendants deny the allegations in Paragraph 161 of the Complaint.

162.     Defendants deny the allegations in Paragraph 162 of the Complaint.

163.     Defendants deny the allegations in Paragraph 163 of the Complaint.

## COUNT IV – DEPRIVATION OF RIGHTS – R.C . 4112.02(J) (individual Defendants)

164.     Defendants incorporate by reference their answers to all preceding paragraphs of this Answer.

165.     Defendants state that the allegations in Paragraph 165 state legal conclusions as to which no response is required.

166.     Defendants state that the allegations in Paragraph 166 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

167.     Defendants deny the allegations in Paragraph 167 of the Complaint.

168.     Defendants deny the allegations in Paragraph 168 of the Complaint.

169.     Defendants deny the allegations in Paragraph 169 of the Complaint.

**COUNT VI – CONSPIRACY TO VIOLATE CIVIL RIGHTS (individual Defendants)**

170.     Defendants incorporate by reference their answers to all preceding paragraphs of this Answer.

171.     Defendants state that the allegations in Paragraph 171 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

172.     Defendants state that the allegations in Paragraph 172 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

173.     Defendants state that the allegations in Paragraph 173 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

174.     Defendants deny the allegations in Paragraph 174 of the Complaint.

175.     Defendants deny the allegations in Paragraph 175 of the Complaint.

176.     Defendants state that the allegations in Paragraph 176 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

177.     Defendants deny the allegations in Paragraph 177 of the Complaint.

178.     Defendants deny the allegations in Paragraph 178 of the Complaint.

**COUNT VII – NEGLECT TO PREVENT CONSPIRACY TO VIOLATE CIVIL RIGHTS (individual Defendants)**

179.     Defendants incorporate by reference their answers to all preceding paragraphs of this Answer.

180.    Defendants state that the allegations in Paragraph 180 state legal conclusions as to which no response is required. To the extent an answer is required, Defendants deny the allegations.

181.    Defendants deny the allegations in Paragraph 181 of the Complaint. Defendants further deny that Plaintiff is entitled to relief.

## DEMAND FOR RELIEF

Defendants deny the allegations set forth in the "WHEREFORE" paragraph of the Complaint and its subparts. Defendants specifically deny that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint, whether in numbered or unnumbered paragraphs, not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants deny each and every allegation in the Complaint, whether in numbered or unnumbered paragraphs, not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted against Defendants, either individually or collectively.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her own actions.

### THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiff fail, in whole or in part, under the *de minimus* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

18

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims of Plaintiff are barred, in whole or in part, due to waiver, estoppel and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the defense of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

At all times relevant herein, Defendants engaged in good faith efforts to comply with the law.

### EIGHTH AFFIRMATIVE DEFENSE

At all times relevant herein, Defendants treated Plaintiff in a legitimate, non-discriminatory manner without improper consideration of any exercise of her rights, and Defendants' actions toward Plaintiff were taken for non-discriminatory, legitimate business reasons.

### NINTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were not proximately caused by Defendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is limited or barred by the U.S. Constitution, Ohio Constitution, Ohio statute and/or federal statute.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Ginther are barred, in whole or in part, by the doctrine of qualified immunity.

**WHEREFORE**, having fully answered the Complaint and having raised the defenses above, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and award Defendants their costs and attorneys' fees incurred in this action, as well as such other relief as may be appropriate.

Respectfully submitted,

*Janica Pierce Tucker*
Janica Pierce Tucker (0075074)
Leigh B. Joyce (0099821)
Taft Stettinius & Hollister LLP
41 S. High Street, Suite 1800
Columbus, OH 43215
Telephone: 614-221-2838
Facsimile: 614-221-2007
jpierce@taftlaw.com
ljoyce@taftlaw.com

*Attorneys for Defendants*

130758623v3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served

through the Court's CM/ECF system this 26th day of January, 2024 on the following:

Jennifer L. Knight (0095480)
Zachary Gottesman (0058675)
Gottesman & Associates
404 East 12th Street
Cincinnati, OH  45202
Telephone:  513-651-2121
Facsimile:  513-568-0655
jknight6291@yahoo.com
zg@zgottesmanlaw.com

Robb S. Stokar (0091330)
Stokar Law, LLC
404 East 12th Street, First Floor
Cincinnati, OH  45202
Telephone:  513-500-8511
rss@stokarlaw.com

*Janica Pierce Tucker*
Janica Pierce Tucker